OTERO ET AL., PETITIONERS, v. PEOPLE, RESPONDENT AND
APPELLEE (OTERO, APPELLANT).

APPEAL from the District Court of Mayagüez in a Proceeding
for Designation of Heirs.

No. 1691.—Decided January 21, 1918.

DESIGNATION OF HEIRS — NATURAL CHILD — ACKNOWLEDGMENT — BAPTISMAL CER-
TIFICATE—AUTHENTIC DOCUMENT.—In an *ex parte* proceeding for designa-
tion of heirs, when there is no suggestion of fraud, an authentic baptismal
certificate issued by a parish priest in 1851 expressly referring to a docu-
ment on file in the parochial archives in order to prove the truth of the
recital in the certificate regarding the civil status of an acknowledged
natural child sufficiently identifies a document of the same date found among
the local archives after more than sixty years which follows the recitals
of the record, bears the signature of the putative father and contains the
following statement: ''I acknowledge this child referred to in the pre-
ceding entry as my natural child, desiring that this document should have the
effect of a formal acknowledgment.''

The facts are stated in the opinion.

*Messrs. José Sabater* and *Abraham Peña* for the appel-
lant.

*Messrs. Jaime Sifre, Jr.,* special *fiscal,* and *N. R. Canales*
for the respondent.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The present appeal is from an order reading in part as
follows:

''Deciding the motion filed by the petitioner, Julio Otero Rivera,
dated June 13, 1917, praying for a reconsideration of the order en-
tered on June 9 of the year 1917, refusing a decree of heirship of
Dionisio Eleuterio Arroyo, deceased, together with a certificate issued
by the parish priest of this city, the court is of the opinion that this
new certificate likewise does not show that the deceased Dionisio
Eleuterio Arroyo was the recognized son of Isidoro Arroyo, although
it is true that the parish priest certifies that there is on file in the
local archives a document which reads as follows:

'' 'Dionisio Eleuterio, born the 9th day of October in the year last
past, acknowledged child of Isidoro Arroyo and Ceferina Striker,
paternal grandparents, Isidoro Arroyo, deceased, and Juana Budía;

and maternal grandparents Enrique Striker, deceased, and Manuela Seguinó. Godparents: Martín Más and Pilar Carlo.'

"'I acknowledge this child referred to in the preceding entry as my natural child, desiring that this document should have the effect of a formal acknowledgment.—Mayagüez, March 16, 1851.— Isidoro Arroyo.'

"No facts at all appear showing that said instrument is an authentic one and that the acknowledgment was made according to the law in force at the time of the baptism of said Dionisio Eleuterio Arroyo, the new certificate not being therefore an instrument entitled to full faith and credit. The court again refuses the decree of heirship requested."

The certificate described in the order just quoted was accompanied by another, not mentioned by the district judge, which reads:

"Dionisio Eleuterio.—Bp. in this parish of Our Lady of Candlemas of the City of Mayagüez, this 16th of March, 1851, I, the priest, Domingo Villanueva, Knight of the Royal American Order of Elizabeth the Catholic, Lieutenant Curate thereof, did solemnly baptize, anointing with oil and chrism, Dionisio Eleuterio who was born on the 9th of October of the year last past, acknowledged natural child of Isidoro Arroyo and of Ceferina Striker of this parish, *as appears from the document on file in these archives,* paternal grandparents Isidoro Arroyo, deceased, and Juana Budía, and maternal grandparents Enrique Striker and Manuela Seguinó. His godparents were Martín Más and Pilar Carlos, whom I advised regarding their spiritual relations and duties, to which I certify.—Domingo de Villanueva.— There is a seal that reads: 'Parish of Our Lady of Candlemas, Mayagüez, P. R.' The preceding entry is a true and faithful copy of the original, page 117, Vol. 20.—Signed: Jno. A. Lynch, C. S. S. R. Vicar."

The baptismal certificate expressly refers to a document on file in the local archives as evidence of the truth of the recital as to status. Sixty-six years later the document copied into the order appealed from is found among these archives. It is of even date with the entry of March 16, 1851. The recitals contained in the first paragraph thereof follow those of the record word for word, save only the omission

of the word "natural" in describing the status of the child
and the addition of the word "deceased" after the name of
the maternal grandfather. It then refers to "the preceding
entry" for further identification of the child. There is no
suggestion of fraud.

Prior to 1885 the parish priests had charge of the civil
registry and were public officials, before whom natural chil-
dren were acknowledged and whose certificate to that effect
sufficed to establish the fact. The clergy constituted a depart-
ment of the State up to the time of the change of sovereignty.
Moreover, our courts "are always inclined to favor the nat-
ural child when the acknowledgment appears clearly and pub-
licly in whatever form such acknowledgment may be made,
if an authentic record of the same remains." *Iturrino* v.
*Iturrino,* 24 P. R. R. 439.

In *Pérez Villamil el al.* v. *Romano et al.,* 19 P. R. R. 832,
the language is—

"* * * courts lean always in favor of a natural child, when the
acknowledgment clearly and publicly appears, whatever form such
acknowledgment may take, if a faithful record of the same remains.
The appellants have cited us to no case from the Supreme Court of
Spain which is at all similar in its facts, and without some such
citation the natural humane interpretation must prevail."

There the question was one of the authenticity of certain
disputed signatures appearing upon certain papers in a pro-
ceeding before a "justice of the peace," as to which this court
said:

"We likewise think that these proceedings in the justice-of-the-
peace court constituted a sufficient public document. At the instance
of the justice of the peace both parties indicated their acquiescence
by signing the rolls. No notarial document could be more solemn."

Again in the same opinion, at page 841—

"Furthermore, we agree with the court below that as the origin
of this document, as coming from the justice-of-the-peace court of

Carolina, was satisfactorily shown, the proof, to attack its genuineness, would have had to be very clear. Likewise, it is a document more than thirty years old and would seem to come under the provisions of section 102, subdivision 33, of the Law of Evidence."

See also section 89 of the same law.

This proceeding was purely *ex parte* up to the time of the order denying a petition for a decree of heirship, when the judge directed that the papers be referred to the *fiscal* "because of the interest that The People of Porto Rico might have in the case." The order appealed from, entered three weeks later, further provides for the issuance of a writ to the marshal commanding him to take possession of the property then in the hands of a temporary administrator, who in turn was required to render his accounts within forty-eight hours. The notice of appeal was served upon the *fiscal* and The People of Porto Rico appear for the first time in this court, asking that the ruling of the court below be affirmed.

The language of the opening sentence of the preceding paragraph is somewhat guarded for reasons that have nothing to do with this appeal, enumeration of which is therefore unnecessary. The facts outlined are mentioned merely as indicating the scope of this decision and in order to avoid possible misunderstanding due to the title of the cause and designation of parties on appeal, but without intending to imply that the order refusing the decree of heirship and subsequent events operated a conversion of the *ex parte* proceeding into an adversary suit. As to this we express no opinion.

The order appealed from must be reversed and the case remanded for further proceedings not inconsistent herewith.

*Reversed and remanded.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.